UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-204 |
| KENNETH BOWEN<br>ROBERT GISEVIUS<br>ROBERT FAULCON<br>ANTHONY VILLAVASO<br>ARTHUR KAUFMAN<br>GERARD DUGUE | SECTION "N" (1) |

## **ORDER AND REASONS**

Presently before the Court is Defendant Kenneth Bowen's second motion seeking relief pursuant to *Kastigar v. United States*, 406 U.S. 441 (1972).[1] As set forth in *Kastigar* and its progeny, federal prosecutors are prohibited from using immunized state testimony in a subsequent federal criminal prosecution. *See, e.g., United States v. Martin*, 332 F.3d 827, 830 (5th Cir. 2003). "This total prohibition on use provides a comprehensive safeguard, barring the use of compelled testimony as an 'investigatory lead,' and also barring the use of any evidence obtained by focusing investigation on a witness as a result of his compelled disclosures." *Kastigar*, 406 U.S. at 460 (internal quotations omitted). Thus, use and derivative use immunity "leave the witness and Federal Government in substantially the same position" as if the witness had asserted his Fifth Amendment privilege not to testify. *Kastigar*, 406 U.S. at 458-59.

---

[1] *See* Rec. Doc. 693.

1

Having carefully considered the parties' several written submissions supporting and opposing Defendant's motion,[2] the applicable law, and the remainder of the record in this matter,[3] **IT IS ORDERED** that Defendant's motion (Rec. Doc. 693) is **DENIED**. Putting aside the disputed issue of the timeliness of the motion, the Court finds no basis, on the showing made, to reach a result different from its resolution of Defendant's first *Kastigar* motion.[4]

The Court reaches this conclusion for essentially the same reasons stated in its June 21, 2011 ruling on Defendant's first *Kastigar* motion. Significantly, in meeting its *Kastigar* burden, "[t]he government is not required to negate all abstract 'possibility' of taint." *United States v. Byrd*, 765 F.2d 1524, 1529 (11th Cir. 1985). Further, the defendant must lay "a firm 'foundation' resting on more than 'suspicion'" that immunized testimony was before a grand jury. *United States v. Slough,* No. 10-3006, 2011 WL 1516148, *4 (D.C. Cir.); *United States v. North*, 920 F.2d 940, 949 & n. 9 (D.C. Cir. 1990)("*North* II")(quoting *Lawn v. United States*, 355 U.S. 339, 348-49 (1958)), *cert. denied*, 500 U.S. 941 (1991)). Here, as explained in the Court's June 21, 2011 Order and Reasons, the Government has established, by a preponderance of the evidence, independent sources for the witness testimony in question. And Defendant's present assertions regarding Michael Hunter's, Michael Lohman's, and Ignatius Hills' motivations for pleading guilty and testifying against Defendant, on the showing made, amount to nothing more than unsupported speculation.

---

[2]  *See* Rec. Docs. 500, 693, 720, 721, 744, 749, 761, and 768.

[3]  *See* Rec. Docs. 262, 263, 277, 303 (Minute Entry), 366, 379 (sealed), 382 (sealed) 391 (sealed), 406 (sealed), 410, and 426 (sealed); *see also* Transcript (including sealed excerpts) of April 18, 2011 hearing.

[4]  *See* June 21, 2011 Order and Reasons (Rec. Doc. 500).

Additionally, the Court is not persuaded that Defendant is entitled to yet another opportunity to question Hunter, Lohman, or Hills regarding his alleged exposure to Defendant's immunized grand jury testimony and whether any such exposure influenced his testimony against Defendant. Upon Defendant's motion, the Court held a pre-trial *Kastigar* evidentiary hearing on April 18, 2011.[5] None of these three witnesses was called to testify at that hearing. Nor did Defendant seek to question any of the three outside the presence of the jury during the multi-week trial in this matter.

Under these circumstances, the Court finds that Defendant is not entitled to any additional relief under *Kastigar*. Accordingly, Defendant's motion seeking dismissal of the jury's verdict in this matter, or other appropriate relief, is denied.

New Orleans, Louisiana, this 19th day of April 2012.

                                      **KURT D. ENGELHARDT**
                                      **United States District Judge**

---

[5]    *See* April 28, 2011 Minute Entry (Rec. Doc. 303).