# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-204 |
| GERARD DUGUE | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is Defendant Gerard Dugue's "Motion to Call Barbara Bernstein as a Witness and to Recuse her as Lead Attorney for the Government in any Re-Trial of this Matter" (Rec. Doc. 782). With this motion, Defendant maintains that he should be allowed to call Ms. Bernstein as a witness in connection with the charge of making false statements in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), in violation of 18 U.S.C. § 1001, that has been filed against him. Specifically, the Government alleges that statements made by Defendant during a January 23, 2009 interview with the FBI were later contradicted by statements that he made during the course of a September 29, 2009 interview with Ms. Bernstein, FBI Special Agent Bill Bezak, another agent, and another prosecution attorney.

During Defendant's first trial, testimony by Special Agent Bezak confirmed that the seven-hour September 2009 interview unfortunately was not taped and that no verbatim notes of the interview were taken by any of the interview participants. Because Special Agent Bezak's testimony also revealed that Ms. Bernstein was the lead interviewer, asking "the bulk of the questions," Defendant contends that Ms. Bernstein is a material witness regarding statements made during the

September 2009 interview and that he should be allowed to elicit her testimony during any re-trial in this matter.

As the parties recognize in their supporting and opposing submissions, calling a prosecuting attorney as a witness generally requires that the person be disqualified from serving as counsel for the government for the matter. Accordingly, a government prosecutor may be a witness only when a "compelling need" exists for his or her testimony. *See, e.g., United States v. Manners,* Criminal Action No. 05-220, 2006 WL 3026110, *3 (N.D. Tex. Oct. 25, 2005))(discussing cases).

On the showing made, the Court finds that Defendant has not demonstrated that a compelling need exists for the testimony of Ms. Bernstein, who served as lead government counsel in Defendant's first trial, the separate trial of the other five defendants held in this matter, and all pre-trial proceedings. Significantly, as the Government's opposition points out, another investigator *and* another prosecutor,[1] in addition to Special Agent Bezak and Ms. Bernstein, were present during the interview in question. Thus, even if Ms. Bernstein led the interview by asking most of the questions, that does not mean that the other two participants did not hear the questions and Defendant's answers, such that one or both of them could provide testimony without requiring recusal of lead government counsel. Accordingly, for the foregoing reasons, **IT IS ORDERED** that Defendant's motion is **DENIED**.

New Orleans, Louisiana, this 25th day of April 2012.

                                          KURT D. ENGELHARDT
                                        UNITED STATES DISTRICT JUDGE

---

[1] Neither party's submission to the Court includes the names of these persons.